Dave Carothers, State Bar No. 125536
Nancy G. Berner, State Bar No. 227142
CAROTHERS DiSANTE & FREUDENBERGER LLP
4510 Executive Drive
Suite 300
San Diego, California 92121
Telephone:  (858) 646-0007
Facsimile:  (858) 646-0008
E-Mail:  dcarothers@cdflaborlaw.com
        nberner@cdflaborlaw.com

ANDERSON & ANDERSON, LLP
Steven A. Micheli, State Bar No. 89725
12625 High Bluff Drive, Suite 301
San Diego, CA 92130
Telephone: (858) 523-1333
Facsimile: (858) 523-1334

Attorneys for Plaintiff
Spectrum Security Services, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SPECTRUM SECURITY SERVICES, INC.,<br><br>                    Plaintiff,<br>            vs.<br><br>GUSTAVO NARANJO; DEPARTMENT OF HOMELAND SECURITY; and DOES 1 through 100, inclusive,<br><br>                    Defendant. | **'12CV0425 JM   JMA**<br>Case No. Not Yet Assigned<br><br>**SPECTRUM SECURITY SERVICES, INC.'S COMPLAINT FOR DECLARATORY RELIEF**<br>**[28 U.S.C SECTION 2201]** |

Plaintiff alleges:

## I. THE PARTIES

1.      Plaintiff Spectrum Security Services, Inc. is a corporation, headquartered in Jamul, California that provides Detention Officers to federal agencies throughout San Diego, Orange, and Los Angeles counties.

2.      Defendant Gustavo Naranjo and the plaintiff class are current and former Detention Officers and Security Officers employed by Spectrum in California from June 4, 2004 to the present.

3.      Defendant United States Department of Homeland Security is a cabinet department

1                    Spectrum Security Services, Inc.'s Complaint for
                                        Declaratory Relief

1  of the United States.

2  ## II. FACTS

3      4.    Plaintiff Spectrum Security Services, Inc., ("Spectrum") is a Federal Service

4  Contractor, subject to the Federal Service Contract Act ("SCA"), 41 U.S.C. §§351 *et seq*. The SCA

5  is a comprehensive statutory and administrative scheme that governs all wages to be paid to

6  employees of Federal Service Contractors. The SCA provides that wages are determined by the

7  United States Secretary of Labor.

8      5.    Spectrum contracts with federal law enforcement agencies, including Defendant

9  Department of Homeland Security ("DHS"), to provide temporary Detention Officers on an as

10  needed basis for Immigration and Customs Enforcement, the principal investigative arm of the

11  DHS.

12      6.    Pursuant to the dictates of the SCA, Spectrum has contracted with the DHS since

13  2004 and its predecessor equivalent agency, United States Custom Service, since 2002, in contracts

14  TC-I-02-014 and HSCEOP-06-C-00012.  On or about March 21, 2011, Spectrum executed the

15  current contract with the DHS, Contract No. GS-07F-0313N, Task Order HSCECR-11-F-00021

16  ("DHS Contract").  As with its predecessor contracts the DHS Contract establishes, *inter alia*, the

17  work schedules, hours and post coverage requirements to which the Spectrum Detention Officers

18  are subject.

19      7.    The predecessor contracts and the current DHS Contract require that Spectrum

20  Security Officers remain at the assigned facility (the "duty location") throughout their assigned

21  shifts.   Spectrum has complied with the contracts by requiring Officers to remain at their duty

22  locations during their meal breaks.  The Security Officers are provided with a paid 30-minute meal

23  break during which they are relieved of their duties, and they are paid for this time.

24      8.    The State of California has enacted a substantial body of interrelated laws intended

25  to uniformly regulate wages paid and hours worked by employees throughout the state of

26  California.  These laws include, *inter alia*, provisions of the California Labor Code and the Wage

27  Orders promulgated by the California Industrial Welfare Commission ("IWC").

28  //

2

458044.1

A.      **POSITION OF DEFENDANT NARANJO AND OTHERS SIMILARLY SITUATED**

9.      On June 4, 2007, Defendant Gustavo Naranjo ("Naranjo") filed a civil claim in Los Angeles Superior Court, Case No. BC372146 on behalf of himself and others similarly situated ("the Class Complaint").

10.     On February 3, 2011 the trial court granted certification of a class consisting of all current and former Detention Officers and Security Officers employed by Spectrum in California from June 4, 2004 to the present.  The certified claims allege failure to provide meal periods, and failure to pay additional wages as provided in Labor Code sections 203, 226(a), 226.7.

11.     California Labor Code § 226.7 provides that "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

12.     California Labor Code sections regulating meal and rest breaks are implemented by the Industrial Welfare Commission ("IWC") in the form of Wage Orders. Naranjo claims that Wage Order No. 4 applies to Detention Officers and Security Officers.  Wage Order No. 4 states that employees be entirely relieved of all duties for no less than thirty continuous minutes for each shift of six or more hours, or be entitled to an additional hour of pay.  Cal. Code Regs., tit. 8, § 11140, 11(A).  The Department of Labor Standards Enforcement ("DLSE") is charged with enforcing IWC Wage Order No. 4.  The DLSE maintains that an employee is not considered "relieved of all duties" unless the employee is permitted to, *inter alia*, leave the work premises. Alternatively, Wage Order No. 4 states that when the nature of the work prohibits an off-duty break, employees may sign a revocable agreement to accept an on-duty thirty minute break.  Cal. Code Regs., tit. 8, § 11140, 11(D).

13.     Naranjo and the class allege that Spectrum is required to comply with the California Labor Code and Wage Order No. 4 by providing an off-duty, unpaid meal period and that the failure to provide an off-duty meal period requires Spectrum to pay an additional hour of wages to the Officers.  Naranjo and the class seek damages equivalent to 30 days wages per class member no longer employed by Spectrum, pursuant to Labor Code § 203.  Naranjo and the class also seek damages for failure to provide accurate wage statements pursuant to Labor Code § 226, permitting

Spectrum Security Services, Inc.'s Complaint for
Declaratory Relief

458044.1

1   class members to seek penalties up of up to $4,000.00 per employee.

2         14.    Spectrum denies the allegations in the Class Complaint and believes that it is

3   complying with applicable law.

4   **B.      REQUIREMENTS OF DEFENDANT DEPARTMENT OF HOMELAND**

5   **SECURITY**

6         15.    The DHS, through the contract executed on March 21, 2011 as well as the

7   predecessor contracts, requires that Spectrum shall provide both armed and unarmed, uniformed

8   Detention Officer (DO) staff, 24 hours per day, 7 days per week, year round for the detention and

9   transportation of immigrants under the responsibility of ICE/DRO.  The contracts establish further

10  that Spectrum shall follow the criteria described in the contracts when establishing work schedules,

11  contact relief, rest periods, and starting and stopping work.

12        16.    In common with the predecessor contracts, the DHS Contract establishes further that

13  each employee shall remain at the duty locations until the shift is completed.  Thus, the DHS

14  Contract prohibits Spectrum employees from leaving the work premises.

15        17.    On September 15, 2011, Spectrum sought direction from Defendant DHS by asking

16  DHS to provide guidance as to whether the government's position is that 1) California law

17  concerning the requirement of an off duty meal requirement does not apply to the Detention

18  Officers assigned to work pursuant to the contract; or 2) Spectrum is required to follow California

19  law and pay an additional hour of wages because the contract does not permit the Detention

20  Officers to leave the duty location for an unpaid, duty-free meal period.  A true and correct copy of

21  the letter sent September 15, 2011 to the DHS is attached hereto as Exhibit A.

22        18.    The DHS did not respond to the September 15, 2011 letter.

23                    **III.  JURISDICTION AND VENUE**

24        19.    Plaintiff seeks relief pursuant to 28 U.S.C. § 2201(a), the Federal Declaratory

25  Judgment Act.  "In a case of actual controversy within its jurisdiction . . . any court of the United

26  States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of

27  any interested party seeking such declaration, whether or not further relief is or could be sought."

28  28 U.S.C. § 2201(a).  Jurisdiction is proper because there are: 1) an actual controversy and 2) an

458044.1

1  independent basis for federal jurisdiction.

2  **A.    Actual Controversy**

3      20.    The above alleged controversy is definite and concrete, touching the legal relations

4  of parties having adverse legal interests; and is real and substantial.

5      21.    Defendant Naranjo asserts that requiring Spectrum's officers to remain on duty

6  during meal periods violates the meal break requirements of IWC Wage Order No. 4, and is

7  actively litigating a class action complaint imposing penalties against Plaintiff. Defendant DHS has

8  always required that Spectrum comply with the DHS Contract and predecessor contracts, requiring

9  Spectrum's Security Officers to remain at the duty location throughout their shifts. Thus there is an

10  actual controversy, and Spectrum seeks resolution of the rights and duties of Spectrum as to

11  compliance with California law and the DHS contracts.

12  **B.    Federal Jurisdiction**

13      22.    This Court has federal question jurisdiction over the present controversy under 28

14  U.S.C. Section 1331 and 5 U.S.C. §§ 551-706, the Administrative Procedures Act ("APA"). "A

15  person suffering legal wrong because of agency action, or adversely affected or aggrieved by

16  agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5

17  U.S.C. § 702. Further, agency action "includes the whole or part of an agency rule, order, license,

18  sanction, relief, or the equivalent or denial thereof, or a failure to act." 5 U.S.C. § 551(13).

19      23.    The APA "provides a waiver of sovereign immunity only if the action complained

20  of is an agency action and no other relevant statute expressly or implicitly forbids suit against the

21  government." *Paradyne Corp. v. U.S. Dept. of Justice, et. al.* 647 F. Supp. 1228, 1231 (1986)

22  (holding that a dispute as to enforcement of a contract between private corporation and government

23  agency established an actual controversy). Further, when "plaintiffs seek review only under the

24  general review provisions of the APA-as opposed to seeking review under specific authorization in

25  the substantive statute-the plaintiffs must challenge a final agency action." *Alabama v. United*

26  *States Army Corps of Eng'rs*, 382 F. Supp. 2d 1301, 1315 (N.D. Ala. 2005), citing to *Lujan v. Nat'l*

27  *Wildlife Fed'n*, 497 U.S. 871, 882 (1990).

28      24.    Pursuant to the APA, courts may invalidate agency decisions only where those

Spectrum Security Services, Inc.'s Complaint for
Declaration Relief

458044.1

1  decisions are ""arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

2  law." 5 U.S.C. § 706(2)(A). "Administrative decisions are entitled to a presumption of validity,

3  and "absent a showing of arbitrary action, [courts] must assume that the agencies have exercised

4  this discretion appropriately." *Patriot Contract Servs., LLC v. United States*, 388 F. Supp. 2d 1010,

5  1018-1019 (N.D. Cal. 2005). *See also Paradyne Corp.* 674 F. Supp. at 1235 ("an agency's decision

6  is entitled to a presumption of regularity." (citing to *Citizens to Preserve Overton Park v. Volpe,*

7  401 U.S. 402, 415 (1971).))

8        25.      In order to establish finality of agency action, "first, the action must mark the

9  consummation of the agency's decision making process. . . .And second, the action must be one by

10  which rights or obligations have been determined, or from which legal consequences will flow."

11  *Bennett v. Spear*, 520 U.S. 154, 177-178 (1997).

12        26.      Here, the DHS contract establishes the "consummation of the agency's decision

13  making process," reserving rights for the agency and delegating responsibilities to Spectrum.

14  "[E]ntering into contracts satisfies the requirements of a final agency action." *Alabama v. United*

15  *States Army Corps of Eng'rs*, 382 F. Supp. 2d at 1319.

16        27.      Review of the instant matter pursuant to the APA is not precluded by another statute

17  forbidding the requested relief.  Spectrum's claim is based not on contract enforcement, but on the

18  conflict it faces based on the terms of the federal contract and the state law.  *See Paradyne Corp.*

19  647 F. Supp. at 1233 (holding that reference to a contract does not mean a claim is founded in

20  contract).  Moreover, Spectrum does not seek a traditional contract remedy, but asks this Court for

21  declaratory relief.  Claims for equitable relief "are not founded on the contract, are not precluded

22  from Section 702 review…and therefore are not barred by sovereign immunity."  *Id.* at 1233.

23        28.      Spectrum has been and will continue to be adversely affected by Naranjo's claims

24  that the officers are entitled to a thirty minute duty free and unpaid meal break in light of DHS's

25  requirement  that Spectrum Detention Officers remain at the duty location during the entire shift,

26  including shifts lasting more than six hours.  Spectrum faces an actual controversy requiring

27  resolution by this court of the following question:  Is Spectrum required to comply with the DHS

28  contract and cause its officers to remain on duty during meal periods, or is Spectrum required to

Spectrum Security Services, Inc.'s Complaint for
Declaratory Relief

458044.1

1   provide its officers a 30 minute off duty meal period.

2   **C.   Venue**

3         29.   Venue in this court is proper under 28 U.S.C. Section 1391(e) because the DHS

4   maintains facilities in the Southern District and Spectrum performs a substantial amount of its work

5   and employs members of the Class in the Southern District. *See Kelly v. Qualitest Pharms., Inc.,*

6   2006 U.S. Dist. LEXIS 65814 (E.D. Cal. 2006)  (a plaintiff must show that a "substantial part" of

7   the events giving rise to the claims occurred in the chosen district).

8   **PLAINTIFF'S FIRST CAUSE OF ACTION**

9   **(For Declaratory Relief)**

10         30.   Plaintiff incorporates by reference herein Paragraphs 1 through 29, above.

11         31.   The conflict between the DHS Contract and Naranjo's position concerning the

12   application of California law requires that Spectrum obtain judicial guidance regarding whether it

13   must require its Officers to remain at their assigned duty locations pursuant to the DHS Contract.

14         32.   Based on the foregoing, an actual controversy has arisen and now exists between the

15   parties.  Plaintiff therefore requests a declaration of rights to resolve this controversy.

16         WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

17         1.   Entry of Declaratory Judgment affirming that the DHS Contract

18           predominates over the California Labor Code and Wage Order allegations in

19           Naranjo's Civil Complaint filed in Los Angeles Superior Court, Case No. BC

20           372146.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

Spectrum Security Services, Inc.'s Complaint for
Declaratory Relief

458044.1

2.  For recovery of Plaintiff's costs and reasonable attorneys' fees according to proof; and

3.  For such other and further relief as the Court may deem proper.

Dated:  February 16, 2012

CAROTHERS DiSANTE & FREUDENBERGER LLP
Dave Carothers
Nancy G. Berner

By:  _____/s/ Dave Carothers_____
Dave Carothers
Attorneys for Plaintiff
Spectrum Security Services, Inc.

8

Spectrum Security Services, Inc.'s Complaint for
Declaratory Relief

458044.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 4510 Executive Drive, Suite 300, San Diego, California 92121. On February 16, 2012, I served upon the interested party(ies) in this action the following document described as:

**SPECTRUM SECURITY SERVICES, INC.'S COMPLAINT**
**FOR DECLARATORY RELIEF**
**[28 U.S.C SECTION 2201]**

Howard Z. Rosen
Posner & Rosen LLP
3600 Wilshire Blvd.
Suite 1800
Los Angeles, CA 90010-2679

Steven A. Micheli
Anderson & Anderson LLP
12625 High Bluff Drive, Suite 301
San Diego, CA 92130

☒  (ELECTRONIC)
By filing the documents in accordance with General Order No. 550 via electronic filing in accordance with the terms of the Southern District of California Electronic Case Filing Administrative Policies and Procedures governing electronic filing and service by Notice of Electronic Filing generated by the Case Management/Electronic Case Filing system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 16, 2012, at San Diego, California.

Leslie Rivera Mason
(Type or print name)

(Signature)

PROOF OF SERVICE

CAROTHERS DISANTE &
FREUDENBERGER LLP

0.0

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SPECTRUM SECURITY SERVICES, INC.

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff  San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Dave Carothers, Carothers DiSante & Freudenberger, 4510 Executive Drive, Ste. 300, San Diego, CA 92110, 858-646-000?

Attorneys (If Known)

'12CV0425 JM  JMA

Howard Rosen, Posner & Rosen, LLP, 3600 Wilshire Bl., Ste. 1800, Los Angeles, CA 90010

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 2201(a)

Brief description of cause:
It seeks declaration of rights as to a conflict between a federal contract and a civil complaint.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
02/16/2012

SIGNATURE OF ATTORNEY OF RECORD
Nanwe G. Berwr

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____